ERICH MILDENBERG, Commissioner of Banking
You have requested my opinion on the scope and applicability of sec. 270.69, Stats., as recreated by ch. 327, Laws of 1971. *Page 387 
Section 270.69, Stats., formerly provided for the taking of a judgment upon a bond or promissory note without action where authorization was contained in the instrument. Such notes contained a warrant or power of attorney authorizing the confession of judgment upon default and are generally referred to as cognovit notes.
Chapter 327, Laws of 1971, repealed and recreated the section to provide:
"270.69 NO JUDGMENT WITHOUT ACTION. No creditor may take or accept a warrant or power of attorney or other authorization for the creditor, or other person acting on his behalf, to confess judgment or otherwise act as the agent for the debtor in any respect. This section shall apply to notes executed after the effective date of this section (1971)."
The effective date of the section was June 18, 1972, the day after its publication. Sec. 990.05, Stats.
The two basic questions are involved:
1. Does the statute prohibit banks or other persons, after June 18, 1972, from taking or accepting from a debtor a warrant orpower of attorney or other authorization, for use by the creditor, to confess judgment or otherwise act as agent of the debtor?
It is my opinion that it does.
2. Does the statute prohibit banks or other persons, after June 18, 1972, from acquiring, from creditors, notes or other instruments, executed before or after June 18, 1972, which contain such a warrant or power of attorney?
It is my opinion that it does not. Where the instrument was executed before June 18, 1972, the clause containing the warrant or power is probably valid and the remedy of enforcement, use of the courts, is probably available. The same remedy would apply to instruments containing such provision which were executed and acquired prior to June 18, 1972. Where the instrument was executed after June 18, 1972, the warrant or power of attorneyclause is invalid but would not void the whole contract if other parts were severable. However, the remedy provided by sec. *Page 388 
270.69, Stats. (1969), could not be utilized and resort to some other court remedy would have to be used to enforce the valid portions of the contract.
Both the State and Federal Constitutions prohibit the state from enacting laws which impair the obligations of contracts.
Article I, sec. 10, United States Constitution;
Article I, sec. 12, Wis. Const.
I am of the opinion that states have the power in the interests of the general welfare to prospectively prohibit such clauses and to prospectively provide that the courts shall not be used to enforce those excutied after a given date which is on or after the effective date of the statute.
In 47 Am. Jur. 2d, Judgments sec. 1109, pp. 160, 161, it is stated:
"Sec. 1109. — Retrospective effect.
In some jurisdictions, statutes invalidating cognovit notes are held to be prospective in operation only, and not to affect a note executed prior to the enactment of the statute; in other jurisdictions such statutes are interpreted as being intended to have a retroactive operation, and, as so interpreted, are held not to be invalid because the statute relates merely to one of several remedies available to enforce the cause of action involved. On the other hand, on the ground that the remedies given by law to those to whom a warrant of attorney to confess judgment has been delivered enter into and form a part of the contract, there is authority in support of the rule that the state is powerless to revoke or destroy the binding effect of a warrant of attorney valid and irrevocable when executed."
The last sentence in the quotation above is supported by the holding in Second Ward Savings Bank of Milwaukee v. Schranck
(1897), 97 Wis. 250, 73 N.W. 31.
Also see annotation on the constitutionality, construction, application and effect of statute invalidating powers of attorneys to confess judgment or contracts giving such powers in 40 A.L.R. 3d 1158. *Page 389 
The constitutional issues have not been squarely faced in recent decisions of the United States Supreme Court, Wisconsin or other states, and litigation in Wisconsin will probably be necessary and forthcoming to test the full import of sec. 270.69, Stats., as recreated by ch. 327, Laws of 1971. However, as far as future practices of banks are concerned, they should not utilize forms containing such clauses and should be hesitant to acquire notes executed after June 18, 1972, employing such clauses.
RWW:RJV